**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| RONALD ALLEN, | ) | |
| | ) | Case No. 2:25-cv-115 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| TAUREAN JAMES, | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Ronald Allen filed a (1) pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging an unidentified twenty-five-year sentence [Doc. 2] and supporting memorandum [Doc. 3]; (2) motion for leave to proceed *in forma pauperis* [Doc. 1]; and (3) motion to appoint counsel [Doc. 4]. It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] that Petitioner lacks sufficient financial resources to pay the $5.00 filing fee. Accordingly, this motion [*Id.*] is **GRANTED**.

Although Petitioner does not identify the conviction he is challenging in his habeas petition, the Court takes judicial notice that Petitioner is serving a twenty-five-year sentence following his 2002 Washington County conviction for rape of a child. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp (last visited July 28, 2025); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)). Petitioner has previously filed an unsuccessful § 2254 petition challenging

the conviction he seeks to invalidate in this case. *See Allen v. Mills*, No. 2:06-CV-98 (E.D. Tenn. Aug. 14, 2007). He has also filed a successive petition seeking to challenge his conviction, *Allen v. Mills*, No. 2:08-CV-121 (E.D. Tenn. May 21, 2008), that the Sixth Circuit declined to authorize, *Allen v. Mills*, No. 08-00121 (6th Cir. Apr. 23, 2009). Another consolidated successive petition was later filed with this Court, and it was dismissed based on Petitioner's failure to obtain prior authorization from the Sixth Circuit. *See Allen v. Washington Cnty. Crim. Ct.*, No. 2:11-CV-338 (July 20, 2012); *Allen v. Steward*, No. 2:12-CV-248 (July 20, 2012).

It is apparent from the face of the petition that Petitioner could have raised the claims for § 2254 relief that he seeks to bring in this action in his previous § 2254 petition, but he either failed to do so or did so unsuccessfully [*See* Docs. 2, 3]. As such, Petitioner's petition is second or successive. *In re Hill*, 81 F. 4th 560, 569 (6th Cir. 2023) ("When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is 'second or successive.'").

Before Petitioner may pursue this successive action, he must obtain authorization to do so from the Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3). And the Court has not received an order from the Sixth Circuit authorizing Petitioner to file the pending petition. Accordingly, the instant petition will be **DENIED** as second or successive, and this action will be **DISMISSED**. Petitioner's motion for appointment of counsel [Doc. 4] is **DENIED** as moot. A certificate of appealability from this decision **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c).

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

_/s/ **Travis R. McDonough**_
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**